COUNTY OF LANCASTER, APPELLEE, v. EDWARD P. TRIMBLE ET AL., APPELLANTS.

[FILED JUNE 11, 1892.]

1. **Tax Liens**: FORECLOSURE: PETITION. *Held*, That the petition states facts sufficient to authorize a foreclosure of the tax lien.

2. ———: FORECLOSURE BY COUNTY. That in addition to the special provision authorizing a county to foreclose a tax lien in certain cases, the power is conferred by sections 1 and 2, article 5, chapter 77, Compiled Statutes. A county, in a legal sense, is a person.

3. ———: ———. Taxes are levied by and are due the county either for itself or as trustee for various corporations, such as the state, cities, villages, and school districts. Where a county purchases lands for delinquent taxes it is unnecessary, therefore, for it to pay the treasurer the amount of such delinquent taxes.

4. ———: ———: PLEADING. The demurrer being to the whole petition, the court cannot discriminate as to taxes barred by the statute of limitations.

REHEARING of case reported 33 Neb., 121.

County of Lancaster v. Trimble.

*J. R. Webster*, for appellants:

The court erred in overruling the motion to strike out all items to and including the year 1872. (*Johnson v. Hahn*, 4 Neb., 139; *Peet v. O'Brien*, 5 Id., 362; *Pettit v. Black*, 8 Id., 59; *Lynam v. Anderson*, 9 Id., 378.) The remedy by foreclosure can only be pursued under the restrictions of the statute, and is limited to cases involving at least $200. (Cooley, Taxation, 13, 359, 364; *Nebraska City v. Gas Co.*, 9 Neb., 346; *Johnson v. Hahn*, 4 Id., 148; *Lincoln B. & L. Ass'n v. Graham*, 7 Id., 180; *Warren v. Mayor*, 2 Gray [Mass.], 99; *State v. Com'rs*, 5 O. St. 507; *Jones v. Gray*, 8 Gray [Mass.], 339; *Campau v. City*, 14 Mich., 285; *Slawson v. Racine*, 13 Wis., 444; *State v. Dousman*, 28 Id., 547; *Miller v. Lancaster*, 17 Neb., 87; *Lathrop v. Mills*, 19 Cal., 514; *State, ex rel. Att'y Gen'l, v. Harris*, 19 Nev., 222.) The lien is not lost or released by failure of foreclosure. (*Johnson v. Hahn*, 4 Neb., 148; Cooley, Taxation, 359, 364.)

*N. Z. Snell*, contra, cited, contending that the proviso as to the $200 was invalid: *Fayette Co. v. Bank*, 10 L. R. A. [O.], 196; *Lawton v. Steele*, 7 L. R. A. [N. Y.], 134; *State, ex rel. Cornish, v. Tuttle*, 53 Wis., 45; *Santo v. State*, 2 Ia., 165; *McCready v. Sextons*, 29 Id., 356; *Commonwealth v. Hitchings*, 5 Gray [Mass.], 482; *Robinson v. Bidwell*, 22 Cal., 379; *Muldoon v. Levi*, 25 Neb., 457; *State v. Hurds*, 19 Id., 316; *State, ex rel. Miller, v. Lancaster Co.*, 17 Neb., 85; *Bailey v. State*, 30 Id., 855.

MAXWELL, CH. J.

An opinion was filed in this case which is reported in 33 Neb., 121. A rehearing was granted and the cause again submitted. The petition alleges that the land was subject to taxation for state and county taxes for the years 1872 to 1882 inclusive; that the lot was duly listed and

assessed for taxation for each of said years and taxes duly levied thereon, and that the county clerk prepared the tax lists for each of said years, and that taxes became delinquent and have never been paid; that the tax for 1882, November, 1883, being delinquent, the premises were duly offered at tax sale and not sold, and on May 22, 1884, were sold to the county of Lancaster for the sum of $——, including interest and penalty, for delinquent, taxes of the years 1882, 1881, 1870, and city tax for 1872 and 1875; copy of the certificate by the treasurer is set forth in the petition; that the certificate has ever remained in the treasurer's custody and is the property of the plaintiff, Lancaster county; that since such sale, tax for years 1883, 1884, 1885, 1886, 1887, and 1888 has been levied and remains unpaid; that no redemption of the tax has been made; then follows a table of the items of county and state taxes of each year, and that the time for redemption expired May 22, 1888; that three months prior thereto notice was served on the owner and on the person to whom it had been assessed, and on the occupant, that unless redemptions were made, a foreclosure would be commenced; that the sum due is $——, and five years have not elapsed since the sale; that no proceedings have been had at law to collect the tax, and prayer for foreclosure.

It is claimed by the appellant that a motion was filed to strike out of the petition all items of tax of the year 1872 and prior thereto, which was overruled and appellants excepted. It is sufficient to say that the record contains no motion of that kind or any order thereon or intimation that such motion was filed. It will not be considered, therefore.

The plaintiff in error filed a demurrer to the petition as follows:

"Now come the defendants and demur to the petition herein filed, because:

"1. The petition does not state a cause of action against the defendant or yet against the said real estate.

"2. Because it appears that the alleged cause of action does not amount to $200, as required by section 1, article 4, of chapter 77, Compiled Statutes of Nebraska.

"3. Because it does not appear that the plaintiff, the county of Lancaster, has paid any portion of said tax."

It is contended on behalf of the appellants, with considerable earnestness, that each of the three grounds of demurrer is well taken and should be sustained. It will be conceded that the right of foreclosure of a tax lien is derived alone from the statute. The theory of taxation in this state is that all property not exempt shall bear its proportionate share of the burden of taxes. Where land is assessed and taxes levied and not paid by a certain time named it is offered for sale, and if not sold either at public or private sale, then it may be bid in by the county. The county purchases it as a last resort in order to secure the amount due thereon. The land-owner, after the purchase, has two years in which to redeem, and if the land is occupied, personal notice must be served on the occupant. These taxes are due the county both for the payment of the county liabilities and as a trustee for the various beneficiaries, such as the state, cities, towns, villages, and school districts within the county. The money being due the county, either in its own or a representative capacity, it is unnecessary for it to pay the amount of the tax to the treasurer, and the taxes in question, so far as appears, are valid liens upon the land in controversy. This disposes of the first and third ground of demurrer.

2. It is insisted that even if the right to foreclose the lien exists, still the amount claimed must exceed $200 to authorize the institution of an action. After a very careful examination of the entire question we are satisfied that our former opinion is right. In addition to what is said in that opinion the power is clearly conferred by sections 1 and 2, article 5, chapter 77, Compiled Statutes, which read as follows: "That any person, persons, or

corporation having by virtue of any provisions of the tax or revenue laws of this state a lien upon any real property for taxes assessed thereon, may enforce such lien by an action in the nature of a foreclosure of a mortgage for the sale of so much real estate as may be necessary for that purpose, and costs of suit. That any person, persons, or corporation holding or possessing any certificate of purchase of any real estate at public or private tax sale, or any tax deed, shall be deemed entitled to foreclose such lien under the provisions of this act within any time not exceeding five years from the date of tax sale (not deed) upon which such lien is based; *And provided,* That the taking out of a tax deed shall in nowise interfere with the rights granted in this chapter."

The county is a person in the legal sense of the term, and we know of no reason why it should be compelled to hold lands for years practically exempt from final sale for taxes. The law gives the land-owner a reasonable time in which to make payment; if he will not do it within the time specified, then the land may be sold as upon foreclosure of a mortgage, the surplus in excess of taxes due going to him while the purchaser acquires a good title. The demurrer is to the whole petition, so that the court cannot discriminate against taxes which should be barred. The former judgment is right and is

AFFIRMED.

THE other judges concur.