ALBERT F. PETERSON, APPELLANT, V. ELMER L. SWANSON
ET AL., APPELLEES.

274 N. W. 482

FILED JULY 6, 1937. No. 29960.

J. J. Harrington, for appellant.

L. G. Nelson, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY, PAINE and
CARTER, JJ., and CLEMENTS, District Judge.

CLEMENTS, District Judge.

This is an action by the owner of the land involved here-
in to redeem the same from a judicial sale based upon a
decree foreclosing certain tax sale certificates. The cause
was tried in the district court upon the pleadings and
stipulation of the parties. There is no dispute as to the
facts and the parties have stipulated "that the only ques-
tion involved now in this action is the right of plaintiff to
redeem from the sheriff's sale and the confirmation there-
of."

The facts as stipulated are as follows: The land con-
sists of a number of tracts. Some of these tracts were on
November 7, 1927, sold to one Helen F. McGerr for de-
linquent taxes and tax sale certificates numbered 6502 and
6503 of that date were issued to her. These certificates
were afterwards on the 19th day of October, 1931, as-
signed by the purchaser to appellee Elmer L. Swanson.
Other of said tracts were on said 7th day of November,
1927, sold for delinquent taxes to one Jabe B. Gibson and
tax sale certificates numbered 6659 and 6660 of that date

were issued to him. Still other of said tracts were on the 5th day of November, 1928, sold for delinquent taxes to said Jabe B. Gibson and tax sale certificates numbered 6811 and 6823 of that date were issued to him. Tax sale certificates numbered 6659, 6660, 6811 and 6823 were on the 3d day of August, 1932, assigned by the purchaser to appellee Elmer L. Swanson. Neither the purchasers at said sales nor the assignee of said tax sale certificates took any steps to obtain treasurer's tax deeds on said certificates, but on August 9, 1932, Elmer L. Swanson, the then owner of said tax sale certificates, commenced in the district court for Rock county, Nebraska, an action to foreclose said certificates.

On the 17th day of October, 1932, a decree of foreclosure was entered in said action. On the 9th day of January, 1933, said land was sold by the sheriff under said decree to said Elmer L. Swanson. On February 10, 1933, said sale was confirmed by order of court, and on April 21, 1933, sheriff's deed was executed and delivered to the purchaser. On March 6, 1934, this action was brought in the district court for Rock county.

The plaintiff, after pleading the above facts, prayed that he be permitted to redeem from said judicial sale and that the purchaser, upon such redemption, be required to reconvey said land to the plaintiff by sufficient deed of conveyance, and that the title to said land be quieted and confirmed in the plaintiff as against any claim of title or interest by virtue of said tax sale certificates or any proceedings had by reason thereof. This is not the exact words of said prayer, which is long, but it gives the substance thereof.

On the 20th day of April, 1936, the cause was tried before the Honorable Robert R. Dickson, district judge, who denied the prayer of plaintiff's petition and dismissed the action at plaintiff's cost. Plaintiff brings the cause here on appeal.

It will be seen from the foregoing that, as stipulated by the parties, there is but one question to be considered by

this court. Has the plaintiff herein a right to redeem his land from a judicial sale, based on tax sale certificates obtained by reason of a valid administrative sale of land for delinquent taxes, the proceedings which resulted in the judicial sale having been commenced more than two years after the date of the administrative sale? In *Connely v. Hesselberth,* 132 Neb. 886, 273 N. W. 821, we held: "Owners and others interested in realty, sold under decree foreclosing valid tax sale certificate, where foreclosure was commenced more than two years subsequent to issuance of tax sale certificate, are barred from the right of redemption on confirmation of such judicial sale." For the reasoning that resulted in this rule, see the opinion in that case.

If this rule is adhered to, it follows that the judgment in the instant case must be affirmed.

AFFIRMED.