MICHAEL D. NOLAN ET AL., APPELLEES, v. DOROTHY F. KLUG ET AL., APPELLANTS.

279 N. W. 791

FILED MAY 27, 1938. No. 30265.

*R. O. Reddish,* for appellants.

*Boyd & Metz, contra.*

Heard before GOSS, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ., and LIGHTNER and SPEAR, District Judges.

SPEAR, District Judge.

Action to foreclose tax lien. From a decree of the district court for Box Butte county granting foreclosure, the defendants, appellants here, have appealed.

Appellants own certain lots in Alliance in Box Butte county. In October, 1934, there were taxes and assessments in the sum of $4,763.33, with accruing interest and costs, delinquent thereon. The county treasurer gave due notice of a public tax sale, including this item, and duly opened the sale in November, 1934. On December 10, 1934, the county treasurer made a return of the sale to the county clerk, and on December 21, 1934, the county treasurer issued a private tax sale certificate to the lots here involved to the city of Alliance. The taxes and interest at that time amounted to $5,767.98. December 8, 1936, the city of Alliance sold the certificate to Michael D. Nolan, who instituted this suit on February 23, 1937, and is now appellee here.

Defendants allege twelve grounds of error, but they all resolve themselves, we think, into three propositions:

First. That the certificate issued by the treasurer is

void because the treasurer did not hold the sale open until the first Monday in January.

Second. That the purchase by the city of the certificate was a "paper sale" with no money changing hands and therefore it was not a true sale but only a transfer of the lien.

Third. That the defendants have two years after the confirmation of sale in the district court in which to redeem.

As to the first contention, the writer of this opinion can do no better than to quote an opinion of the attorney general written July 8, 1937. The opinion is as follows, and this court now adopts it:

"You ask our opinion as to whether the purchase of tax sale certificates by county treasurer for the county is invalid by reason of the fact that the public sale of the land for taxes was not kept open until the first Monday of January.

"You say that the contention has been made that section 77-2013, Comp. St. Supp. 1935, requires that a public sale for taxes be kept open until the first Monday of January.

"This section relates to the return made by the county treasurer to the county clerk of the real estate sales and reads as follows:

" 'On or before the first Monday of January following the sale of the real property, the treasurer shall file in the office of the county clerk a return thereon as the same shall appear upon the treasurer's sale book, and such return, duly certified, shall be evidence of the regularity of the proceedings.'

"Prior to the amendment of 1933 (Session Laws, 1933, page 520) the date specified in the section just quoted was December instead of January.

"In our opinion there is nothing whatever in this section of the statutes, either before or after the amendment thereto, that requires the public sale of land for taxes to be held open until the final report day specified therein. This section merely requires the county treasurer to report the

sales made to the county clerk, and by its very language this report may be made 'before' the last day specified therein.

"Section 77-2006, Comp. St. 1929, seems to be the only statutory provision dealing with the date for beginning and ending public sales of real estate for taxes. This section provides:

" 'On the day designated in the notice of sale the county treasurer shall commence the sale of those lands and town lots on which the taxes and charges have not been paid, and shall continue the same from day to day, Sundays and holidays excepted, until each parcel, or so much thereof as shall be sufficient to pay the taxes and charges therein, including the cost of advertising, shall have been sold or offered for sale.'

"Under the section just quoted the duty to 'continue' the sale from 'day to day' ends when the property is 'sold or offered for sale.' This, in our opinion, may be accomplished prior to the final day a report is required to be made by the county treasurer to the county clerk. This conclusion seems to be supported by the general statement of law as found in 61 C. J. 1191, and the language of the court in the case of *State v. Farney,* 36 Neb. 537, which interpreted an earlier statute of this state upon the same subject but materially different from the present section 77-2006."

Next as to the second proposition: The statutes governing sales to cities are as follows:

Section 77-2010, Comp. St. 1929: "Whenever any real estate subject to sale for taxes shall be within the corporate limits of any city, village, drainage district or irrigation district such city, village, drainage district, or irrigation district shall have the right and power, through its governing board or body, to purchase such real estate for the use and benefit, and in the name of said city, village, drainage district or irrigation district as the case may be; and the treasurer of said city, village, drainage district or irrigation district may assign the certificate of purchase

by indorsement of his name on the back thereof, when directed so to do by written order of the city council of the city, board of trustees of the village, board of directors of the drainage district, or of the irrigation district as the case may be. No such sale shall be made to any city, village, drainage district or irrigation district by the county treasurer when such lands have been previously sold to the county, but in any such case, the city or village, drainage district or irrigation district may purchase the tax certificate held by the county: Provided that the county treasurer shall not be required to account to the state treasurer, or to any person, for the amount of taxes due and represented by such certificate or certificates of purchase, until the drainage district or the irrigation district authorities as the case may be, have sold the certificate or certificates of purchase of such real estate, or until, by redemption or foreclosure proceedings, he shall have received the money thereon."

Section 77-2011, Comp. St. 1929: "Whenever real estate is purchased by a county board, or by the city or village treasurer, the county treasurer shall not be required to account to the state treasurer, or to any person, for the amount of taxes due, until the county board or city or village authorities have sold the certificate or certificates of purchase of such real estate, or until, by redemption or foreclosure proceedings, he shall have received the money thereon."

The statutes make it apparent that the legislature intended that the tax sale to a city is to be considered in the same general category as sales to individuals. Not only this, but sections 77-2040 and 77-2041, Comp. St. 1929, provide that a city may either demand a deed under certain conditions or bring action to foreclose the tax lien, which indicates that the legislature intended a sale to a city to be complete when the certificate is issued.

We therefore conclude that the sale in this case was consummated on December 21, 1934, the date of the tax certificate issued by the county treasurer to the city.

It seems that the third proposition is answered by the cases of *Phelps County v. City of Holdrege,* 133 Neb. 139, 274 N. W. 483, *Connely v. Hesselberth,* 132 Neb. 886, 273 N. W. 821, and *Peterson v. Swanson,* 133 Neb. 164, 274 N. W. 482, which held that, where foreclosure was commenced more than two years subsequent to issuance of tax sale certificate, the defendant was barred from the right of redemption on confirmation of the judicial sale.

In the case at bar we have said that the sale to the city took place at the time the treasurer gave the city the tax certificate. No foreclosure was instituted thereon until over two years from that date had elapsed. We deem it unnecessary to again state the holdings in the above cases or to restate the reasoning. The defendants are barred from the right of redemption on confirmation of the sale.

AFFIRMED.