CITY OF MCCOOK, APPELLANT, v. MARJORIE JOHNSON: RED WILLOW COUNTY, INTERVENER, APPELLEE.

281 N. W. 69

FILED JULY 15, 1938. No. 30414.

*Butler & James* and *Wendell P. Cheney*, for appellant.

*Wilber S. Aten* and *Charles E. McCarl*, contra.

*C. C. Fraizer* and *John H. Kuns, amici curiæ.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and RYAN, District Judge.

GOSS, C. J.

The city of McCook appeals from an order sustaining objections of the county of Red Willow to a confirmation of sale under a foreclosure of a tax sale certificate, for the reason that the city had not paid and elected not to pay the $350 bid by it for the property sold at the sale.

The case was tried on stipulated facts. A case was stated. At sheriff's sale in 1936, under a decree of foreclosure of a tax sale certificate, plaintiff bid in a certain lot at $350. Plaintiff did not pay in any money except court costs. It claimed and now claims the right to bid in the property as trustee for all governmental subdivisions entitled to participate in the distribution of the delinquent taxes and special assessments in the tax sale certificate upon which decree of foreclosure was rendered and claimed the right to apply as a credit upon the bid the amount found due by the decree of foreclosure. The county had intervened because there was due it taxes amounting to $25.66 princi-

pal and interest. The court ordered plaintiff to pay the $350, bid by it, to the sheriff and on its refusal and election to stand by its record sustained the objections, ordered the sale set aside and ordered a new sale.

The trial court held that Marjorie Johnson, as administratrix of the estate of Mary Geist, the deceased owner of the lot, was not in a position to urge objections to a confirmation upon the grounds set out in her objections. The case can therefore be disposed of without further reference to that defendant. The only points that need treatment in this opinion are those raised by plaintiff, city of McCook, and by intervener, the county of Red Willow.

Both plaintiff and intervener cite and rely upon practically the same statutes and the same cases. They differ materially in the interpretation of these statutes and cases, particularly *after* the foreclosure of the tax sale certificate has reached the point where the property has been bid in by plaintiff.

Both parties agree that plaintiff held the tax sale certificate as trustee for all other governmental subdivisions interested in the taxes which it evidenced. The difference between them which gives rise to the controversy is this: Plaintiff asserts that it still continues, or would continue if the sale should be confirmed without being required to pay money to satisfy its bid, to be such trustee until it shall have disposed of the property to some private purchaser for money, while the intervener contends that, when the judicial foreclosure ends in a sale, that ends the trust relation and it is therefore the duty of plaintiff as purchaser to pay the bid in money, so that it can immediately be distributed to the governmental subdivisions entitled to their respective shares of the tax money represented by the tax sale certificate foreclosed.

Plaintiff's reliance upon specific statutes is stated in these words: "There are six key sections that are involved in the question now before the court. These six sections are what now appear as sections 77-2009, 77-2010, 77-2011, 77-2040, 77-2041, and 77-2046, Comp. St. 1929." We are ad-

monished to examine these sections for the authority for that which plaintiff sought to do.

Section 77-2009 provides that at all sales (for taxes) the county board may purchase in the name of the county and for its use and benefit any real estate offered and not sold for want of bidders. The county treasurer shall issue certificates of purchase for the real estate so sold in the name of the county. These certificates shall remain in the custody of the county treasurer, who shall at any time assign the same to any person wishing to buy for the amount expressed on the face of the certificate and interest thereon at the rate of 10 per cent. per annum from the date thereof.

Section 77-2010 provides that there may be a sale for taxes within the corporate limits of any city, village, drainage district, or irrigation district, to any such body, and the proper treasurer may assign the certificate of purchase when directed by the governing body, and that when such lands have previously been sold to the county the governing bodies may purchase the tax certificate held by the county. This section further provides that the county treasurer shall not be required to account to the state treasurer or to any person for the amount of taxes due and represented by the certificate of purchase until the certificate of purchase has been sold or redeemed or through foreclosure proceedings he shall have received the money thereon.

Section 77-2011 provides that, whenever real estate is purchased by the county board, or by the city or village treasurer, the county treasurer shall not be required to account to the state treasurer, or to any person, for the amount of taxes due until the county board or city or village authorities have sold the certificate or certificates of purchase of such real estate, or until by redemption or foreclosure proceedings he shall have received the money thereon.

Section 77-2040 provides that, whenever the county board of any county, or the proper authorities of any city or village, or any person, shall have purchased any real estate for delinquent taxes of any kind or become the owner by

assignment of any tax sale certificate or tax deed, such county, city, village or person shall be deemed to be the assignee and owner of all the liens for taxes of the state, county, city, village, school district, town and other municipal subdivisions for which said tract of land is sold and may, instead of demanding a deed therefor, as provided in this chapter, or in case a deed shall have issued by surrendering the same in court, proceed by suit in equity in the district court in which such land is situated to foreclose such lien, and cause such real estate to be sold for the satisfaction thereof, and all prior or subsequent tax liens thereon, in all respects so far as practicable in the same manner and with like effect as is provided for the foreclosure of real estate mortgages.

Section 77-2041 provides that such action shall only be brought within three years after the expiration of time for redemption from such tax sale, excepting as in this section hereinafter provided, and a tax sale certificate or tax deed shall be presumptive evidence of all facts necessary to entitle plaintiff to a decree for the amount appearing to be due thereon with interest at the rate per annum required to be paid for redemption from such tax sale. Such action for the foreclosure of such tax sale certificate may be brought in any county, city, village, school district, town, drainage district or irrigation district or any other municipal subdivision or public corporation immediately after the purchase thereof, and when brought before the time for redemption for such tax sale shall have expired the owner of the lands described in such tax sale certificate, or any person having a lien thereon or interest therein, may redeem the same at any time within two years from date of sale under such foreclosure proceedings by paying to the clerk of the district court, for the use of the purchaser at such foreclosure sale, his heirs or assigns, the amount for which said land sold at such foreclosure sale, with interest thereon at the rate of 12 per cent. per annum from the date of such purchase at such foreclosure sale to the date of redemption, and the costs of suit. If the same be redeemed, the clerk of

the district court shall certify such fact to the county treasurer, who shall make a memorandum of such redemption in the sale book at his office and the sheriff or officer conducting such sale shall at once pay the proceeds thereof to the clerk of the district court. The clerk of the district court shall immediately upon receipt thereof pay the proceeds of such foreclosure sale to the county treasurer of such county or the county in which said city, village, school district, town, drainage district or irrigation district or other municipal subdivision is situated. If such land is not redeemed on or before two years from the date of such foreclosure, the purchaser, his heirs or assigns shall be entitled to the confirmation of such foreclosure sale.

Section 77-2046 provides that, if in foreclosure suit brought under the provisions of this article any tract of land does not sell for enough to pay all taxes due thereon, with interest and costs, the proceeds of such sale shall be divided *pro rata* among the several municipal subdivisions to which such taxes are due. Upon confirmation of sale the clerk of the district court shall certify to the county treasurer the year or years for the taxes of which each tract of land was sold and the treasurer shall thereupon cancel the taxes for such years.

We search in vain through these statutes which we have abstracted to find where the legislature has provided the machinery which, appellant asserts, effects the purpose of providing that the city continues as trustee of any kind of a trust after there has been a foreclosure of the tax lien and a judicial sale of the property to plaintiff.

A city, purchasing and foreclosing a tax sale certificate on real estate, does so as trustee of an express trust for the use and benefit of the state and all other governmental subdivisions entitled to participate in the distribution of the proceeds. Comp. St. 1929, secs. 77-2009 to 77-2011; *County of Lancaster v. Trimble,* 34 Neb. 752, 52 N. W. 711; *Logan County v. Carnahan,* 66 Neb. 685, 693, 92 N. W. 984, 95 N. W. 812; *City of Plattsmouth v. Hazzard,* 132 Neb. 284, 271 N. W. 801.

The trust property or trust *res* under these circumstances is the tax sale certificate with the right evidenced thereby.

The express trust terminates on the sale of the certificate or on completion of the foreclosure thereof and the distribution of the proceeds. The trustee may not bid in the property without paying the amount of his bid.

Ordinarily a trustee sustains such a relation to the beneficiaries of the trust that he would have no right even to make a sale of the property to himself under the trust. The statute as to tax liens and certificates seems to have provided a legislative modification of that rule. The facts in this case show that the bid of the city was adequate and fair and if the city had paid the amount bid it would have provided distribution so that all the governmental subdivisions interested would have been reimbursed for their tax liens in full. To allow the city to bid in the real estate without paying in the money would permit it to speculate on the property, to hold out from the other parties interested their share of the proceeds of judicial sale and to account to them whenever it was satisfied to dispose of the property.

The district court was right in ruling that, in the circumstances, the duty was upon the city to pay the amount of its bid. The rule contended for by the city is for the legislature and not for the courts to provide.

The judgment is

AFFIRMED.