COUNTY OF MADISON, APPELLEE, V. LAWRÉNCE R. WALZ ET AL., APPELLANTS.

14 N. W. 2d 319

.FILED APRIL 28, 1944.   No. 31727.

*William A. Ehlers, pro se.*

*Andrew D. Mapes* and *Moyer & Moyer, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CHAPPELL, J.

The question for decision in this appeal is whether a county, purchaser as provided by sections 77-2009 and 77-2014, Comp. St. Supp. 1941, of a tax sale certificate at a valid administrative sale for delinquent taxes upon real estate, may, after the two-year period of redemption has elapsed, foreclose the certificate and subsequent tax liens thereon in the manner provided by sections 77-2040 and 77-2041, Comp. St. Supp. 1941, as a single action without being required to pay or issue a receipt to itself for the taxes represented by the certificate. Importance of the question presented arises by reason of the fact that the county followed the same procedure in foreclosing other tax sale certificates upon some 1,200 pieces of property.

The appeal comes to this court upon a transcript from the district court which by former precedent imports absolute verity. See *In re Estate of Piel,* 141 Neb. 783, 4 N. W. 2d 875. The record discloses that in conformity with the statutes the certificate was purchased by plaintiff on January 10, 1940. The certificate covered and included the taxes due, unpaid, and delinquent for the years 1936, 1937, and 1938 upon a small business property described as the East 20 1/3 feet of the West 38 feet of Lot 1, Block 17, Original town of Battle Creek, Madison county, Nebraska. Subsequent taxes were for the years 1939, 1940, and 1941.

Plaintiff's petition, which contains all the necessary allegations and elements, including a copy of the certificate duly executed with subsequent taxes endorsed and certified thereon by the county treasurer, was filed in the district court for Madison county, Nebraska, on April 21, 1942,

more than two years after the period of redemption had elapsed on January 10, 1942. In conformity with section 77-2042, Comp St. 1929, the petition contained causes of action for the foreclosure of other certificates owned by plaintiff. This appeal involves the 11th cause of action. The real estate itself, and all persons having or claiming any right, title or interest therein, including William A. Ehlers, defendant, appellant, and his spouse, were made defendants. Personal service was had upon the latter but they made no appearance and their default was duly entered.

Decree was entered by the trial court in favor of plaintiff on December 11, 1942, specifically finding and adjudging that the described real estate was lawfully sold to plaintiff on January 10, 1940, for the general taxes for the years 1936 to 1938, inclusive, for the total sum of $40.28 as evidenced by county treasurer's certificate of tax sale No. 1606; that subsequent taxes for the years 1939 to 1941, inclusive, became delinquent, unpaid, and were properly and legally certified upon the certificate as such. Also, that there was due plaintiff as of that date upon the certificate for taxes, interest, and penalties the sum of $48.46, and for subsequent taxes, interest, and penalties the sum of $40.84, or a total due plaintiff of $89.30, together with an attorney's fee of $8.93 taxed as costs, and court costs were lawfully apportioned.

In conformity with the decree and proper order of sale the property was sold at sheriff's sale on March 1, 1943, to one Leonard V. Dufphey for the sum of $75. Defendant did not offer to redeem but on March 5, 1943, filed objections to confirmation and motion to vacate the decree and dismiss the 11th cause of action. On July 10, 1943, the sale was presented for confirmation at which time the trial court overruled objections to confirmation, denied the motion to vacate the decree and dismiss the cause of action, and entered an order confirming the sale, from which this appeal was taken.

It is argued by defendant that the county could foreclose

the tax sale certificate under sections 77-2040 and 77-2041, Comp. St. Supp. 1941, but that it was without power or authority to include and recover subsequent taxes in such an action, and must resort to section 77-2039, Comp. St. Supp. 1941, for that purpose or defendant would be deprived of his constitutional and statutory right to redeem. Contention is also made that in any event the county was without power or authority to maintain the procedure which it adopted without actual payment of the taxes involved and issue of a receipt therefor.

We are unable to sustain these contentions. At the outset we call attention to the fact that by chapter 176, Laws 1943, the legislature has passed a new act in an effort to provide for the enforcement of delinquent real estate taxes and special assessments by one form of foreclosure proceedings, which also repealed certain sections involved in this action. Under former statutes still applicable here this court has held that the purpose and effect of section 77-2039, Comp. St. Supp. 1941, is to provide a complete and definite procedure for the foreclosure of *tax liens* by a county where there has been no prior administrative sale for delinquent taxes. The apparent reason for the passage of the act was that in *Logan County v. Carnahan,* 66 Neb. 685, 693, 92 N. W. 984, 95 N. W. 812, it was held that no such remedy existed under former statutes. However, procedure for the foreclosure of valid tax sale certificates which have been purchased by counties for delinquent taxes upon real estate at an administrative sale, whether the action is commenced either within or after a two-year period subsequent to the issuance of the certificate, is provided by sections 77-2040 and 77-2041, Comp. St. Supp. 1941, which should not be confused in any manner with procedure as set forth in section 77-2039, Comp. St. Supp. 1941. See *City of Grand Island v. Willis,* 142 Neb. 686, 7 N. W. 2d 457; *Knox County v. Perry,* 142 Neb. 678, 7 N. W. 2d 475.

Clearly in the case at bar the county bought the tax sale certificate at administrative sale on January 10, 1940, as provided by law, and it is conceded that the county adopted

the procedure for its foreclosure as provided by sections 77-2040 and 77-2041, Comp. St. Supp. 1941.

Section 77-2040, Comp. St. Supp. 1941, provides specifically that the county may so proceed by suit in equity in the district court of the county in which the land is situated to foreclose its certificate and "cause such real estate to be sold for the satisfaction thereof and all prior or *subsequent tax liens thereon,* in all respects so far as is practicable in the same manner and with like effect as is provided for the foreclosure of real estate mortgages: * * * ." (Italics ours.) See, also, *Knox County v. Perry, supra.* This court has heretofore held in a case similar to the one at bar in many respects, that the foreclosure of a valid tax sale certificate, together with prior and subsequent taxes paid, constitutes a single cause of action. See *Cushman v. Taylor,* 2 Neb. (Unof.) 793, 90 N. W. 207; *Otoe County v. Brown,* 16 Neb. 394, 20 N. W. 274.

By section 77-2017, Comp. St. 1929, the purchaser of the tax sale certificate "acquires a perpetual lien of the tax on the land, and if, after the taxes become delinquent he subsequently pays any taxes levied on the same, whether levied for any year or years previous or subsequent to such sale, he shall have the same lien for them, and may add them to the amount paid by him in the purchase." A county purchasing and foreclosing a tax sale certificate on real estate does so as trustee of an express trust for the use and benefit of the state and all other governmental subdivisions entitled to participate in the distribution of the proceeds. The trust property or trust *res* under these circumstances is the tax sale certificate with the rights evidenced thereby. Prior and subsequent taxes become merged in and a part of the certificate. See *City of McCook v. Johnson,* 135 Neb. 270, 281 N. W. 69.

Contentions of defendant that the record does not show that the county ever paid the taxes or issued a receipt therefor, and that it must do so to give these proceedings validity, have no merit. It was unnecessary since the law will not require a useless procedure. This is not a case

where the county bought at the foreclosure sale as in *City of Grand Island v. Willis, supra,* or *City of McCook v. Johnson, supra.* Here, the county bought the tax sale certificate at administrative sale and sold to a third person under foreclosure thereof. In this connection, section 77-2011, Comp. St. Supp. 1941, provides: "Whenever real estate is purchased by a county board, or by the city or village treasurer, the county treasurer shall not be required to account to the state treasurer, or to any person, for the amount of taxes due, until the county board or city or village authorities have sold the certificate or certificates of purchase of such real estate, or until, by redemption or foreclosure proceedings, he shall have received the money thereon: * * * ." In *Nolan v. Klug,* 134 Neb. 860, 279 N. W. 791, error was predicated upon the contention, "That the purchase by the city of the certificate was a 'paper sale' with no money changing hands and therefore it was not a true sale but only a transfer of the lien." The court refused to sustain the contention, and held that under our statutes the sale was complete when the certificate was issued. As early as *County of Lancaster v. Trimble,* 34 Neb. 752, 52 N. W. 711, a case similar to the one at bar in most respects, defendant demurred to the county's petition upon three grounds. The third was, "Because it does not appear that the plaintiff, the county of Lancaster, has paid any portion of said tax." The demurrer was overruled and this pertinent statement appears in the opinion: "The money being due the county, either in its own or a representative capacity, it is unnecessary for it to pay the amount of the tax to the treasurer, and the taxes in question, so far as appears, are valid liens upon the land in controversy. This disposes of the * * * ground of demurrer." See, also, *Logan County v. Carnahan,* upon rehearing, 66 Neb. 693, 95 N. W. 812. *A fortiori,* it being unnecessary to pay the taxes it would be unnecessary for the county treasurer to issue receipts to the county for the taxes represented by the certificate and certified thereon by endorsement of the county treasurer as in the case at bar. To defeat the enforcement of valid liens for

taxes there must be something more appearing than mere technical errors or omissions which do not affect the substantial rights of the parties. See *Otoe County v. Brown*, upon rehearing, 16 Neb. 398, 20 N. W. 641.

Upon this basis we can find no conflict between the procedural methods of foreclosing tax liens (section 77-2039 Comp. St. Supp. 1941) and the foreclosure of tax sale certificates (sections 77-2040 and 77-2041, Comp. St. Supp. 1941). They are not in conflict with each other nor with the statutory and constitutional right of redemption as contended by defendant. These distinctions have been discussed in many opinions of this court. True, the constitutional and statutory right to redeem from sales of real estate for nonpayment of taxes applies to both judicial and administrative sales. It is the rule that where an action is brought by the county to foreclose *tax liens*, without a valid administrative sale first occurring, the two-year period for redemption begins upon the date of the judicial sale and ends by confirmation two years thereafter. See *Commercial Savings & Loan Assn. v. Pyramid Realty Co.*, 121 Neb. 493, 237 N. W. 575. Likewise, where there has been a valid administrative sale to the county and an action is brought to foreclose the tax sale certificate immediately thereafter or before the two-year period for redemption has elapsed, then the period for redemption begins at the confirmation of sale. See *Lincoln County v. Shuman*, 138 Neb. 84, 292 N. W. 30. But, where there has been a valid administrative sale and a valid tax sale certificate issued therefor by the county treasurer to the county and the latter has not brought foreclosure action until more than two years after the issuance of the tax sale certificate, as in the case at bar, then the owner or other person interested is not entitled to two years in which to redeem from the confirmation of sale under decree of foreclosure. He is entitled to only one two-year period for redemption which has been given from the time of the administrative sale and before commencement of the foreclosure action. It is true, however, that in such case he is entitled to an additional period in which to re-

deem, that is, at any time prior to the confirmation of the sale. See *Connely v. Hesselberth,* 132 Neb. 886, 273 N. W. 821; *Peterson v. Swanson,* 133 Neb. 164, 274 N. W. 482; *Nolan v. Klug, supra; Knox County v. Perry, supra. Connely v. Hesselberth, supra,* holds also that personal notice to occupants, required by section 3, art. VIII of the Constitution, has no application to a proceeding to foreclose a valid tax sale certificate.

Finally, there is a further rule applicable to defendant's objections to confirmation which is, that alleged errors of law in a decree and in the proceedings leading thereto are not reviewable upon objections to confirmation. See *Douglas County v. Barker Co.,* 125 Neb. 253, 249 N. W. 607; *Beatrice Paper Co. v. Beloit Iron Works,* 46 Neb. 900, 65 N. W. 1059.

We find no error in the record, and the judgment of the trial court is affirmed.

AFFIRMED.

WENKE, J., not participating.