ETHEL PETTIJOHN, APPELLANT, v. COUNTY OF FURNAS ET AL., APPELLEES.

35 N. W. 2d 828

Filed February 11, 1949. No. 32501.

*Morrison & Hanson,* for appellant.

*G. E. Simon, Perry & Perry,* and *P. W. Phillips,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CARTER, J.

This is a suit to redeem from a tax foreclosure sale. The trial court denied relief to the plaintiff and she appeals.

The record shows that on April 11, 1939, the county purchased tax sale certificates Nos. 207 and 208 covering the two tracts of land involved in the present litigation. On November 14, 1944, the county commenced a tax foreclosure suit in which the plaintiff in the present case was made a party defendant and personally served with summons. She defaulted and on January 29, 1945, a decree of foreclosure was entered against the present plaintiff. On April 17, 1945, pursuant to the decree and published notice, the sheriff offered the land for sale at public auction. The county bid in the property at the sale, the sale was confirmed, and a sheriff's deed delivered to the county. Subsequent thereto, and on January 29, 1946, the county conveyed the property to the defendant James by deed, James having been in possession of the property since that date. On March 17, 1947, the plaintiff tendered the amounts found to be due in the tax foreclosure action, with interest and costs, which amounts were refused by the clerk of the district court and the county treasurer. On March 22, 1947, this suit was commenced to secure a redemption of the property.

Plaintiff contends that there can be no valid administrative private sale of real estate by the county treasurer for taxes unless a return of the public sale has first been filed with the county clerk. This is the general effect of sections 77-1813 and 77-1814, R. S. 1943. In Medland v. Linton, 60 Neb. 249, 82 N. W. 866, this court in dealing with the same sections of the statute said: "Before lands and lots can be legally sold at private sale, under the provisions of the section quoted, the treasurer must file with the county clerk a return, showing the lands and lots sold at public auction, to whom sold, and for what sum; and any attempt to sell real property for taxes at private sale without compliance with the provisions of

said section invalidates the sale so attemped to be made."
See, also, State v. Helmer, 10 Neb. 25, 4 N. W. 367;
Gallentine v. Fullerton, 67 Neb. 553, 93 N. W. 932.

It is here contended that the county treasurer failed
to file a return of the public sale with the county clerk,
as the statute requires. We do not think that the plaintiff
can properly raise that question in this case. It is
elementary, we think, that one who undertakes to fore-
close a tax sale certificate is required to plead and prove
that all steps have been taken which are necessary to
the issuance of a valid tax sale certificate. It was
alleged in the petition for the foreclosure of tax sale
certificate No. 207 in part as follows: "That the real
estate herein described was not sold at said sale for want
of bidders, and that thereafter, as provided by law, and
the resolution aforesaid, said real estate was sold on
April 11, 1939, by the said treasurer, at private tax sale,
to this plaintiff, for the sum of $138.65, and said treasurer
duly, regularly and legally issued to this plaintiff, county
tax sale certificate No. 207, on said real estate." Similar
allegations were made as to tax sale certificate No. 208.

In the decree entered in the tax foreclosure action, it
was said in part: "* * * the Court finds generally in
favor of the plaintiff and against the defendants in all
causes of action herein, * * *; that the allegations of
plaintiff's petition are true; * * * that the separate and
several parcels of land described in plaintiff's petition
were subject to taxation for the several years and install-
ments as alleged in the several causes of action; that
same were duly and regularly advertised for sale for
delinquent taxes, all as by law provided; that the plaintiff
duly, legally and regularly became the owner of each and
all of the tax sales certificates mentioned and described
in said causes of action herein; that thereafter, the
plaintiff duly, regularly and legally paid the subsequent
taxes on each of said properties as alleged; that the
plaintiff is the owner and holder of the tax sale certifi-

cates and claims for subsequent taxes paid, and is entitled to foreclose the same."

In the tax foreclosure action plaintiff was required to allege and prove the regularity of all proceedings necessary to the issuance of a valid tax sale certificate. The court found that all such proceedings were regular. Plaintiff was a party defendant in that action and was personally served with summons. Clearly she has had her day in court and cannot now collaterally attack the decree of the district court finding, in effect, that all proceedings, including the treasurer's return of the public sale, were in all respects regular.

The court had jurisdiction over the person of the plaintiff and of the subject matter of the action. Under such circumstances the decree of the district court was a final determination of the issues before it and such decree is not subject to collateral attack. In Douglas County v. Barker Co., 125 Neb. 253, 249 N. W. 607, this court announced this rule in the following language: "It is quite obvious, under the rule above announced, that appellant's contentions as to the alleged failure of the county treasurer to offer the property for sale for taxes for three consecutive years before it can be included in a foreclosure action cannot be sustained. The claimed failure of the county treasurer to offer the land at a public tax sale at his office, etc., are matters for consideration, if at all, prior to the entry of the decree of foreclosure and sale." See, Logan County v. Carnahan, 66 Neb. 685, 92 N. W. 984, on rehearing, 66 Neb. 693, 95 N. W. 812; Frank v. Carpenter, 137 Neb. 357, 289 N. W. 538; City of Scottsbluff v. Kennedy, 141 Neb. 728, 4 N. W. 2d 878. It is clear therefore that any irregularity in the tax foreclosure action must have been asserted in that action by this plaintiff, and that she is now precluded from collaterally attacking the former decree where the court had jurisdiction of the subject of the action and of the person of plaintiff. Connely v. Hesselberth, 132 Neb.

886, 273 N. W. 821; Stanton v. Stanton, 146 Neb. 71, 18 N. W. 2d 654.

Plaintiff also urges that there was a material alteration of the tax sale certificates which nullifies their effect. In this respect the record shows that the property upon which the taxes had become delinquent was incorrectly described in the tax sale certificates issued to the defendant county. The attorney for the county corrected them by drawing a line through that part of the description which was erroneous and adding the correct description in red ink in its stead. This was done prior to the commencement of the tax sale certificate foreclosure and the change made was evident at and following the filing of the petition.

What we have heretofore said about collateral attack is applicable here. The plaintiff here was a defendant in the tax sale certificate foreclosure and was personally served with summons. If she had any defense to the action she was obliged to assert it there. The finding of the court that the tax sale certificates were properly and lawfully made, and entitled to be foreclosed, constitutes a final adjudication of that issue in so far as the parties to that action are concerned. This court has said: "The rule is that a party should not be vexed more than once for the same cause of action, and the doctrine of res adjudicata includes not only the things which were determined in the former suit, but also any other matter properly involved which might have been raised and determined therein." Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108. See, also, Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649.

The theory of the plaintiff is that there was no public administrative sale of the property, that the private sale was invalid, and, consequently, that the only valid sale was the judicial sale held pursuant to the tax foreclosure. If this were true, the two-year period for redemption provided for in the Constitution would not

commence to run until the date of the judicial sale and plaintiff's tender would have been within time. But the decree of the district court in the tax sale certificate foreclosure precludes such a finding. It held the administrative private sale to be regular and the tax sale certificates valid. The two-year period of redemption fixed by the Constitution commenced to run on the date of the administrative private sale and had terminated prior to the date of the judicial sale. All right to redeem ceased, therefore, when the trial court confirmed the judicial sale of the property. This court has stated the applicable rule as follows: "The correct rule is that owners and others interested in realty, sold under decree foreclosing valid tax sale certificate, where foreclosure was commenced more than two years subsequent to issuance of tax sale certificate, are barred from the right of redemption on confirmation of such judicial sale." Connely v. Hesselberth, *supra*. See, also, County of Madison v. Walz, 144 Neb. 677, 14 N. W. 2d 319; County of Lincoln v. Provident Loan & Investment Co., 147 Neb. 169, 22 N. W. 2d 609.

We conclude that the judgment of the trial court was in all respects correct and the judgment is affirmed.

AFFIRMED.

PAINE, J., not participating.