W. L. E. GREEN, APPELLANT, v. H. G. HOOPS, APPELLEE.

FILED APRIL 17, 1913. No. 17,120.

1. **Appeal:** DOCKETING APPEAL: DUTY OF CLERK. It is the duty of the clerk of the district court, upon receiving in due time a proper transcript of the proceedings of the county court in an action determined therein, to file the transcript and docket the appeal.

2. ———: ———: JURISDICTION: FEES. Where the clerk of the district court in due time receives and retains without objection a proper transcript of the proceedings of the county court in an action determined therein, and files the same in his office, he cannot defeat the jurisdiction of the district court by refusing to docket the appeal, on the sole ground that part of the fees remains unpaid, no demand for the balance having been made.

APPEAL from the district court for Buffalo county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Frank E. Beeman,* for appellant.

*H. A. Brubaker,* contra.

ROSE, J.

The action was commenced in the county court of Buffalo county to recover a bill of $80.25 for rejected nursery goods. Plaintiff prevailed. Defendant appealed to the district court, where plaintiff moved to dismiss the appeal on the ground that it had not been docketed within the statutory period of 30 days after rendition of judgment. The motion was overruled. Plaintiff stood upon his motion, refused to plead further, and the district court dismissed his suit. From the judgment of dismissal, plaintiff has appealed.

Should the motion have been sustained? No other question is presented. The judgment of the county court was rendered May 10, 1910. The following is found among the appearance docket entries of the case in the office of the clerk of the district court: "Case not docketed until September 26, 1910, on account of appellant not paying fees." Notwithstanding this memorandum, it is shown without contradiction that the clerk received and retained the transcript, as well as the original papers, and $2.50 in fees June 8, 1910, and that he filed the transcript in his office the same day. There is nothing to show that he demanded more fees or that appellant knew of a purpose on his part to refuse to docket the case. His duties are prescribed by statute as follows: "The clerk, on receiving such transcript and other papers as aforesaid, shall file the same and docket the appeal." Code, sec. 1009. The clerk's duty to docket the appeal was the same as his duty to file the papers. By neglecting his duty and by making a docket entry to that effect, he did not prevent the district court from acquiring jurisdiction. Error does not appear in the record.

AFFIRMED.

REESE, C. J., BARNES and FAWCETT, JJ., concur.

LETTON, SEDGWICK and HAMER, JJ., not sitting.