GEORGE ZABLOUDIL, APPELLANT, V. CHARLES LANE ET AL., APPELLEES.

68 N. W. 2d 193

Filed January 7, 1955. No. 33616.

*John R. Sullivan*, for appellant.

*Leonard W. Cronk*, for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

George Zabloudil, plaintiff and appellant, instituted this action in the county court of Valley County, Nebraska, against Charles Lane and Duane Lane, defendants and appellees. The action is one at law for damages. A trial was had at the conclusion of which a judgment was rendered in favor of defendants. The

judgment was rendered on August 24, 1953. The plaintiff, in due time and in sufficient form and substance, executed a bond for appeal from the judgment to the district court. He also procured a transcript which was filed by the clerk of the district court on September 1, 1953. After this filing the defendants filed a motion to dismiss the appeal on the ground that the transcript was not docketed within 30 days as required by section 27-1307, R. R. S. 1943. This motion was sustained and the appeal was dismissed. From the order of dismissal plaintiff has appealed.

The question of whether or not the transcript was filed in time is not in issue. It is conceded that it was filed within 30 days. The only question sought to be presented is, in the terms stated, that of whether or not the failure of the clerk to docket the appeal furnishes the basis for dismissal.

The question however is not here for consideration for the reason that the record discloses on its face that it was docketed. The appeal is here on the transcript alone without a bill of exceptions. The transcript is that of the district court and of course it imports absolute verity. County of Madison v. Walz, 144 Neb. 677, 14 N. W. 2d 319; State ex rel. League of Municipalities v. Loup River P. P. Dist., 158 Neb. 160, 62 N. W. 2d 682. It shows on its face by endorsement of the clerk of the district court that it was filed and docketed on September 1, 1953. The record is the following: "Filed September 1, 1953 - App Docket 16 Page 285 - Leonard B. Woods, Clerk Dist. Court By Wilma D. Kroeger, Deputy."

If it were to be assumed however that the clerk had not docketed the case on appeal still no benefit could flow therefrom to the defendants. In Green v. Hoops, 93 Neb. 571, 141 N. W. 156, it is made clear that the jurisdiction of the district court on appeal is not defeated by failure of a clerk, having received a transcript within time, to docket it. There this court said with reference

to what is now section 27-1304, R. R. S. 1943: "The clerk's duty to docket the appeal was the same as his duty to file the papers. By neglecting his duty and by making a docket entry to that effect, he did not prevent the district court from acquiring jurisdiction."

In that case the clerk received and filed the transcript, as was done here, and made a notation on the record the effect of which was to say that sufficient fees had not been paid and for that reason he refused to docket the case. Responding to this, the court pointed out that there was nothing to show that this fact had been called to the attention of the appellant or that he knew of a purpose on the part of the clerk to refuse to docket the case. Here there was no competent effort to show that failure to docket, if it could in any legal sense be said that there was a failure, depended on any dereliction on the part of the plaintiff. If there was any failure at all it was failure of the clerk to perform his duty, which failure, as already pointed out, could not defeat the right of plaintiff to maintain his appeal.

It must be said therefore that the appeal was improperly dismissed.

The judgment of the district court is reversed and the cause remanded with directions to reinstate the appeal.

REVERSED AND REMANDED WITH DIRECTIONS.

CHAPPELL, J., participating on briefs.