CHARLES W. SANFORD, APPELLEE, v. SARAH H. MOORE, APPELLANT.

FILED JUNE 8, 1899. No. 8915.

1. **Tax Sale:** IRREGULARITIES: LIEN OF PURCHASER. Mere irregularities in conducting a sale of real estate for delinquent taxes legally assessed will not defeat the lien of the purchaser at such sale.

2. ————: TENDER TO PURCHASER. A tender to a tax purchaser of a less sum than is due will not discharge his lien.

APPEAL from the district court of Saunders county. Heard below before SEDGWICK, J. *Affirmed.*

*Simpson & Sornborger,* for appellant.

*H. A. Reese, contra.*

NORVAL, J.

This is an appeal from a decree foreclosing a tax-sale certificate. It is urged by the defendant, as a reason why plaintiff is not entitled to a tax lien, that the real estate was not sold by the county treasurer of Saunders county to the plaintiff at a public sale, but that the premises were sold privately, without having been offered at public sale. This contention is based upon the fact that the treasurer did not formally adjourn the tax sale from day to day, and that that official failed to publicly cry each parcel of land offered and sold. But these irregularities did not defeat the lien of the purchaser, for by section 142, article 1, chapter 77, Compiled Statutes, a tax sale is not invalidated by "the failure of the treasurer to adjourn such sale from time to time as required by law, or any irregularity or informality in such adjournment; the failure of the county treasurer to offer any real estate for sale at public sale which may afterwards be sold at private tax sale, and any irregularity or informality in the manner or order in which real estate may be offered for

sale at public sale." These matters are by statute desig-
nated irregularities merely, which do not affect the sale
of real estate for delinquent taxes, to such an extent as to
deprive the purchaser of his lien. Plaintiff submitted to
the county treasurer a bid on paper for the real estate in
dispute, and other lands, offering the amount of delin-
quent taxes thereon with interest, penalties, and costs.
No other bid was offered by any person. The property
was sold to plaintiff on his bid, and a certificate of sale
issued to him. No fraud in the conduct of the sale is al-
leged or shown, and although the sale was irregular it
was not absolutely void. The supreme court of Iowa, in
*Leavitt v. Watson*, 37 Ia. 94, in considering a similar sale,
used this language: "Now it may be conceded that if the
lands in question were sold according to this custom or
habit of the treasurer, viz., of receiving bids on paper, and
if no further bids were made for the same land, to enter
it as sold to such bidder without publicly crying the bid,
and without publicly striking down the land as sold, such
sale would not be made in the manner required by the
statute, yet it would be a sale in fact nevertheless. The
evidence of the treasurer shows that his custom was to
publicly offer the lands for sale for the taxes delinquent
thereon; that if bids were handed in, and there were no
other bids for the same land, he entered the same as sold
without further offering the land for sale. Now while
this may have been irregular and not according to the
manner in which the sales ought to have been made, it is,
nevertheless, a sale in fact. * * * The position of ap-
pellee's counsel is that unless the sale is a legal one, it is
to be treated as no sale whatever, and the argument is
that the sale is not legal unless made in strict compliance
with the directions of the statute. To adopt this view
would be to constitute the manner of making the sale the
essential thing, whereas the sale is the essential matter.
* * * In order to divest the title of the owner of lands
by a sale thereof for taxes, there must be a sale in fact,
but it is not essential that it should be in form and

manner as the law directs." To the same effect are
*Slocum v. Slocum*, 30 N. W. Rep. [Ia.] 562; *Dodge v. Em-
mons*, 9 Pac. Rep. [Kan.] 951. The taxes for which the
real estate was sold were legally assessed, and under the
repeated decisions of this court the purchaser acquired
a lien on the property. (*Medland v. Cornell*, 57 Neb. 10,
and cases there cited.)

Lastly, it is argued that the receipt by the county treas-
urer of $84.56 from defendant on December 24, 1891, dis-
charged plaintiff's lien. This sum did not cover the en-
tire amount then due plaintiff on his tax certificate and
did not discharge the lien. Moreover, the record shows
that the treasurer did not receive the money officially,
but as agent merely of the defendant for the purpose of
tendering the same to the plaintiff. The decree is right,
and must be

AFFIRMED.