CLAUDE COPLEY FLANSBURG, APPELLANT, V. NETTIE SHUM-
WAY, EXECUTRIX, APPELLANT: FARMERS IRRIGATION
DISTRICT ET AL., APPELLEES.

FILED JUNE 1, 1928. No. 26333.

*C. C. Flansburg* and *B. M. Shumway*, for appellants.

*Raymond & Fitzgerald, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and HOWELL, JJ., and LANDIS and REDICK, District Judges.

LANDIS, District Judge.

Appellant here, plaintiff below, obtained a decree of foreclosure. There is no controversy over plaintiff's mortgage, the amount, or that it was due. Certain taxes were given priority over the mortgage lien. Plaintiff's appeal raises the questions of the existence of the taxes, priority

of taxes, if existing, over contract lien, and effect of a tax sale certificate.

Defendant mortgagor, Nettie Shumway, files a separate appeal naming herself as coappellant, wherein she consents to the foreclosure of plaintiff's mortgage, but insists that the apparent lien of the taxes is of no force and effect because of the failure to enforce a tax sale certificate. The cause was heard upon an agreed statement of facts.

In 1910 a mortgage was executed on a parcel of land in an irrigation district, which was duly assigned to plaintiff. On the 6th day of January, 1917, the plaintiff executed and delivered a formal release of this mortgage which was recorded. The instant foreclosure decree is based upon a mortgage executed November 18, 1916, recorded December 18, 1916, securing a note dated January 1, 1917. One of the covenants of this mortgage was: "To pay all taxes, assessments and charges, of every character, levied or charged in Nebraska, which are now, or may hereafter become liens upon said real estate." This mortgage secured the same debt as the mortgage formally released by plaintiff January 6, 1917. In 1917, and each of the subsequent years 1918 to 1922, inclusive, there were levied upon the premises covered by the mortgage, state, county, school and irrigation district taxes, all of which were regularly assessed and levied as provided by law. The date upon which the particular irrigation assessment for the year becomes a lien is fixed in section 2877, Comp. St. 1922, as the 1st day of October in the year in which it is assessed. The state, county and school taxes were a lien from the 1st day of October of the year in which levied, under the 1903 revenue act, December 1st under the 1921 act, section 5822, Comp. St. 1922.

The taxes levied from 1917 to 1922, inclusive, have not been paid. In 1903 a new general revenue act was passed, the first since 1879. Section 17, ch. 73, Laws 1903, of that act provides: "All general taxes due the state, county, school district, irrigation districts, town, road districts, city or village, shall be a first lien on the real estate on

which levied and take priority over all other incumbrances and liens thereon." This section was in force until the 1921 law, where it appears as: "All general taxes due the state and its governmental subdivisions shall be a first lien on the real estate on which levied and take priority over all incumbrances and liens thereon." Comp. St. 1922, sec. 5825.

Statutory provisions in force at the time of the execution of a mortgage enter into and become a part of the contract. The 1910 mortgage which was assigned to plaintiff and formally released and the new mortgage of 1916 upon which the decree of foreclosure is based were contract liens upon land in an irrigation district, both subject to such liens of the kind specified as may afterward be acquired under the statute. Plaintiff contends that the assessments due the irrigation district are not in a strict sense taxes, but are special assessments, the lien of which is positively fixed by section 2877, *supra,* relating to irrigation districts. There is no attempt to fix priorities in this section as between liens. Reference for that must be made to section 17 of the 1903 act, and section 5825, *supra.* On the question of priority of special assessments over existing liens created by contract plaintiff cites *Lincoln Street R. Co. v. City of Lincoln,* 61 Neb. 109, and *City of Lincoln v. Lincoln Street R. Co.,* on second appeal, 67 Neb. 469. The first opinion, 61 Neb 109, was filed January 4, 1901, and the second opinion, 67 Neb. 469, February 4, 1903, while section 17, ch. 73, *supra,* became effective September 1, 1903. In these cases a contract lien was held superior to certain special paving assessments, but such holding was because of a statute, section 79, art I, ch. 13a, Comp. St. 1899.

*Board of Commissioners v. Northwestern Mutual Life Ins. Co.,* 114 Neb. 596, cited by plaintiff, does not apply. There a drainage special assessment was held inferior to the contract lien because notice was not given to the mortgagee of record of the proposed organization of the district. There was no regularly assessed and levied special assess-

ment to create a lien so far as the mortgagee was concerned.

There is a distinction between the meaning of "taxes" and "assessments" based on different classes of public burdens. Taxes are imposed for general revenue, assessments for public improvements, mainly locally beneficial. Irrigation districts are quasi-public corporations in the sense that they are organized for general public good, with power to assess property within their boundaries for the purpose of raising sufficient revenue to secure water to irrigate arid lands. Irrigation districts have the power to levy taxes in the nature of assessments. This power is defined by statute. By including "irrigation districts" in section 17, *supra,* in reference to priority of taxes over contract liens, necessarily what taxing powers the district had would be intended. The priority between general taxes and special assessments is provided for in section 5826, Comp. St. 1922.

Assuming the existence of the taxes, we are forced to the conclusion that the trial court properly found plaintiff's contract lien inferior thereto.

Plaintiff and coappellant both claim that the irrigation district had no right or power to levy any special assessments on the land involved in the instant foreclosure because the same was sold with a perpetual water right attached. In view of the stipulation entered into, this contention is without merit. It was agreed that in the year 1917 "there was duly levied and assessed by the proper officials of the Farmers Irrigation District, in due form of law, upon the premises in controversy, the sum of $268.80 for general irrigation district purposes and the further sum of $134.41 for bond fund; that said assessment was duly certified by the county clerk of Scotts Bluff county, Nebraska, and duly enrolled upon the assessment rolls of Scotts Bluff county, which rolls were delivered to the county treasurer of Scotts Bluff county in accordance with the laws of Nebraska." "That for the years 1918, 1919, 1920, 1921, and 1922, there were duly levied and assessed by the

proper officials of the county and of the Farmers Irrigation District, which levies and assessments were duly enrolled and duly certified, all as required by the laws of the state of Nebraska, sums for state, county, school district taxes and for irrigation district taxes and assessments for the respective years and in the amounts following, all of which assessments were made upon the premises in this action." "That for all years subsequent to 1912 the Farmers Irrigation District duly levied and assessed taxes for irrigation purposes in accordance with the laws of the state of Nebraska, in funds for general irrigation purposes and for bond payment purposes; that such assessments and taxes for the years prior to 1917 were paid by the owner of said premises." It was further stipulated that the Farmers Irrigation District was duly organized in accordance with the statutes; that the premises were within its boundaries and have remained therein to date. Plaintiff and coappellant, having stipulated the organization of the district as legal, and the due levy and assessment of the taxes for irrigation purposes, cannot now challenge the right and power of the district to levy the assessments.

For the purpose of the instant case, we must assume the irrigation district had the right and power to levy the assessments in controversy. A direct agreement of the due exercise of a power ordinarily precludes asserting want of power.

1917 taxes on the land became delinquent, were advertised for sale, and were not sold for want of bidders. On December 16, 1918, the county treasurer of Scotts Bluff county issued a tax sale certificate to the irrigation district for these delinquent 1917 taxes. For the respective years 1918 to 1922, inclusive, the county treasurer issued tax receipts reciting that the taxes were paid by the irrigation district on this land as subsequent taxes. The tax sale certificate and the tax receipts reciting payment of taxes subsequent were retained by the county treasurer, were never delivered to the irrigation district, and are now a part of the records of his office. Nothing was received by the

treasurer for the tax sale certificate nor for the respective tax receipts issued as paid subsequent. No payment on account of the taxes and assessments for the years 1917 to 1922, inclusive, on coappellant's land has ever been made to the county treasurer, to the officials of any governmental subdivision, or to the officials of the irrigation district, and no part of said taxes have been actually paid. Under these conditions, plaintiff and his coappellant earnestly contend that all the taxes included in the tax sale certificate and noted as paid subsequent should be canceled of record; that the tax liens thereunder are destroyed and of no force and effect because the purchaser failed to enforce its tax sale certificate.

There are two distinct processes to the exercise of the power of taxation. One relates to the levying of the tax, the other to the collection of the taxes levied. A tax sale certificate comes under the provisions of the law which prescribe the manner of enforcing the payment of tax liens. The lien of taxes regularly levied on real estate is, ordinarily, perpetual and can be divested only by payment or in some manner authorized by statute. The way provided under our various revenue acts for a county or irrigation district to enforce its tax liens is by foreclosure and judicial sale. This cannot be done except based upon a tax deed or tax sale certificate. Delinquent taxes are advertised and the individual acquires a tax sale certificate upon the payment of money or its equivalent. The law maintains the lien in force for the statutory period to enable the purchaser to get his money with interest. If the individual purchaser takes no steps to enforce the tax lien which is acquired by the payment of money, it may be lost and the lien is canceled. However, in such event the county or irrigation district has received its taxes. When the county or governmental subdivision acquires a tax sale certificate no money is paid. It is simply a means to enforce the payment of the lien of taxes. If the statutory period passes without the county or irrigation district taking any steps to enforce the lien, the lien itself is not lost, because no pay-

ment of the lien has been made. In order to enforce the lien a repurchase of the taxes must be made for the years covered by the prior purchase. *Valley County v. Milford,* 70 Neb. 313; *Logan County v. Carnahan,* 66 Neb. 685, 693; Comp. St. 1922, sec. 2877.

In the instant case the state, county, school district and irrigation district have had no actual payment of the respective tax liens. They still exist, but the right to enforce them under the tax sale certificate issued has been lost. The stipulation by the parties that no money or its equivalent has been received by the county treasurer, the Farmers Irrigation District, or any of the officials thereof, nor any other governmental subdivision, for the taxes or assessments or any part thereof, makes plaintiff's and coappellant's contentions that these taxes do not exist and should be canceled and annulled untenable.

The trial court rendered proper decree under the issues and stipulation, and its judgment is in all things

AFFIRMED.