PEERLESS INSURANCE COMPANY, APPELLEE, V.
JOHN J. BUKACEK, APPELLANT.

319 N.W.2d 98

Filed May 7, 1982. No. 44147.

Walter J. Matejka, for appellant.

Dennis P. Lee of Thompson, Crounse & Pieper, for appellee.

Heard before BOSLAUGH, McCOWN, and HASTINGS, JJ., and QUIST, D.J., and RONIN, D.J., Retired.

QUIST, D.J.

The defendant, John J. Bukacek, has appealed from the District Court of Douglas County, Nebraska, which affirmed a judgment of $3,674 plus costs and interest entered against him. The judgment had originally been entered in the municipal court of the city of Omaha, Douglas County, Nebraska, which also dismissed the petition that had been filed against defendant's wife, Arlene.

On May 25, 1977, the defendants, John J. Bukacek and Arlene Bukacek, entered into a written indemnity agreement with plaintiff, Peerless Insurance Company. The Bukaceks entered into this agreement to secure the release of Donald M. Hurley from jail on bond. Peerless Insurance then posted a $3,000 bond in the District Court of Nemaha County, Nebraska, and Mr. Hurley was released. Subsequently, bond was forfeited when Mr. Hurley failed to appear in court and judgment was entered against Peerless Insurance Company for the full amount of the bond. Allied Bonding Company, Omaha, Nebraska, paid $3,000 to the clerk of the District Court of Nemaha County, Nebraska, on December 11, 1978.

Subsequently, Mr. Hurley was located in Grand Rapids, Michigan, and was returned from there by Mr. Copenhaver, general agent of Peerless Insurance Company, and the Nemaha County sheriff.

The amount of judgment in excess of $3,000 represents the expenses of Mr. Copenhaver in returning Mr. Hurley to Nemaha County, Nebraska.

Defendant argues that Peerless Insurance Company has failed to show that it has suffered an actual loss. Defendant maintains that the only evidence adduced at trial shows that Allied Bonding Company, a corporation owned by Jack E. Copenhaver, paid $3,000 to the clerk of the District Court of Nemaha County, Nebraska, ostensibly for the bond of Donald M. Hurley. Defendant further argues that the claim of Peerless Insurance Company is at best premature, and even if the contract is valid, Peerless is seeking indemnification against a loss, claim, or liability that has not yet occurred.

The evidence is undisputed that Peerless Insurance Company entered into a written indemnity agreement with the Bukaceks for the posting of the bond on behalf of Donald M. Hurley. The evidence further shows that the bond was posted, Mr. Hurley was released, and subsequently failed to appear at a

hearing. Bond was then forfeited and a judgment in the amount of $3,000 was entered against Peerless Insurance Company.

There was further evidence at the trial from which the trier of fact could conclude that the $3,000 judgment was paid by Allied Bonding Company on behalf of Peerless Insurance Company. Mr. Copenhaver testified that if he was unsuccessful in collecting the amount of the judgment from the Bukaceks, Peerless Insurance Company would have to pay that amount to Allied Bonding. The trial court had the opportunity to review the business relationship of Peerless Insurance Company and Allied Bonding Company and it concluded that Peerless Insurance Company was, in fact, the real party in interest.

In *Redding v. Gibbs,* 203 Neb. 727, 733, 280 N.W.2d 53, 57 (1979), this court said: " ' "In ascertaining whether the plaintiff is the real party in interest, the primary and fundamental test to be applied is whether the prosecution of the action will save the defendant from further harassment or vexation at the hands of other claimants to the same demand. If the defendant is not cut off from any just defense, offset, or counterclaim against the demand and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end." ' "

This case meets the requirements set forth above and the defendant will be fully protected from any further liability on the indemnity agreement when the judgment is satisfied.

Defendant further contends that the judgment should be reversed because the indemnity agreement was not signed by him but only by Arlene Bukacek. The evidence clearly shows that at the time of the signing Mr. Bukacek had an injured hand and Mrs. Bukacek signed the agreement with the acquiescence and approval of Mr. Bukacek and on his behalf. This contention is, therefore, without merit.

The judgment of the District Court is affirmed.
AFFIRMED.