COUNTY OF POLK, NEBRASKA, APPELLEE, V. RAYMOND
WOMBACHER AND VIOLA WOMBACHER, HUSBAND AND WIFE,
APPELLANTS, VILLAGE OF SHELBY, POLK COUNTY, NEBRASKA, A
MUNICIPAL CORPORATION, ET AL., APPELLEES.

426 N.W.2d 266

Filed July 22, 1988.   No. 86-806.

Raymond and Viola Wombacher, pro se.

Ronald E. Colling, Polk County Attorney, for appellee County of Polk.

HASTINGS, C.J., CAPORALE, GRANT, and FAHRNBRUCH, JJ., and JOHN MURPHY, D.J.

HASTINGS, C.J.

This is an appeal from the district court for Polk County involving the foreclosure by Polk County of a tax sale certificate covering village special assessments of the village of Shelby, Nebraska. The district court found that the county was the owner and holder of the county treasurer's certificate of tax sale No. 100 and granted summary judgment for the county, entitling it to foreclose its lien of the certificate.

Since the matter arises from the entering of summary judgment, we are obligated to view the evidence in the light most favorable to the party against whom the motion is directed and to give that party the benefit of all reasonable inferences which may be drawn therefrom. *Lowry v. State Farm Mut. Auto. Ins. Co.*, 228 Neb. 171, 421 N.W.2d 775 (1988); *Ford v. American Medical International*, 228 Neb. 226, 422 N.W.2d 67 (1988). "Summary judgment is not appropriate, even where there are no conflicting evidentiary facts, if the ultimate inferences to be drawn from those facts are not clear." *Luschen Bldg. Assn. v. Fleming Cos.*, 226 Neb. 840, 849, 415 N.W.2d 453, 459 (1987). Moreover, summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Lowry, supra*; *Stodola v. Grunwald Mechanical Contractors*, 228 Neb. 301, 422 N.W.2d 341 (1988).

Appellants, Raymond and Viola Wombacher, husband and wife, were the owners of several parcels of land in Shelby which were being foreclosed upon by Polk County. The county had

purchased this real estate, which was being sold for special assessments levied by the village of Shelby. The assessments were pavement assessments against the appellants' lots.

The county is the owner and holder of the county treasurer's certificate of tax sale No. 100, covering the parcels of real estate in question and issued on July 23, 1985. The amount of tax due is stated on the certificate as $9,885.20. However, there is an irregularity on the certificate itself in that the above amount is incorrectly typed on the line for delinquent taxes rather than on the line for special improvement taxes (special assessments). This information was provided by means of an affidavit of the county treasurer, Dorothy Fjell.

In its sixth cause of action, the county's petition sought foreclosure of its tax sale certificate as the first lien against the Wombachers' property. For their answer, the Wombachers filed a general denial on September 23, 1985.

The Wombachers challenged the county's standing to foreclose, asserting that the real party in interest was the village of Shelby. Their motion for summary judgment included a brief in support thereof on this basis. The motion was heard and overruled.

The county then moved for summary judgment with the support of the affidavit of the county treasurer. Upon a hearing the court found that the county had a first lien on the property in question and was entitled to foreclosure of the lien of its certificate as a matter of law.

The Wombachers prosecute this appeal and raise the following issues as error: (1) whether Polk County may foreclose on a tax sale certificate for a special assessment of the village of Shelby; (2) whether the county treasurer of Polk County may issue a tax sale certificate for a special assessment when no real estate taxes are in default or delinquent; and (3) whether Polk County has the capacity and standing to sue for the collection of special assessments when there are still moneys due but not delinquent from the real estate so charged.

The county maintains that because the appellants' answer contained only a general denial, they have waived the real party in interest defense, which must have been specially pleaded. *Neill v. McGinn,* 175 Neb. 369, 122 N.W.2d 65 (1963),

*overruled on other grounds, Chlopek v. Schmall,* 224 Neb. 78, 396 N.W.2d 103 (1986).

The first time the real party in interest issue was raised was in a brief marked "Exhibit 'A' " and attached to the Wombachers' motion for summary judgment. The defense is not properly raised in an exhibit to a motion for judgment on the pleadings. That issue generally cannot be raised by general denial. *Neill v. McGinn, supra.*

However, this court stated in *Durand Associates, Inc. v. Guardian Inv. Co.,* 186 Neb. 349, 356, 183 N.W.2d 246, 251 (1971):

> We hold that the rule requiring the defense that plaintiff is not the real party in interest to be specially pleaded is not applicable where the case is one in which the facts showing interest must be established as an essential of the cause of action, or where the circumstances of the case are such that the objection raised goes to the existence of the cause of action.

As applied, it is an essential element of the cause of action that Polk County hold and own the tax sale certificate upon which it seeks foreclosure. It is thus true that the objection goes to the existence of the cause of action; yet, it should be noted that the county's petition clearly sets forth facts sufficient to support its claim of ownership of the certificate.

Regardless, the court holds that Polk County is the real party in interest within the meaning of Neb. Rev. Stat. § 25-301 (Reissue 1985), which states that every action must be prosecuted in the name of the real party in interest.

> " ' "In ascertaining whether the plaintiff is the real party in interest, the primary and fundamental test to be applied is whether the prosecution of the action will save the defendant from further harassment or vexation at the hands of other claimants to the same demand. If the defendant is not cut off from any just defense, offset, or counterclaim against the demand and a judgment in behalf of the party suing will fully protect him when discharged, then is his concern at an end." ' "

*Peerless Ins. Co. v. Bukacek,* 211 Neb. 505, 507, 319 N.W.2d 98, 100 (1982).

In *Flansburg v. Shumway*, 117 Neb. 125, 131, 219 N.W. 956, 959 (1928), this court held: "The lien of taxes regularly levied on real estate is, ordinarily, perpetual and can be divested only by payment or in some manner authorized by statute." It is obvious that a foreclosure of the tax lien by Polk County will preclude any foreclosure by the village of Shelby. The procedure by which Polk County is authorized to foreclose is governed by statute. The county's initial lien upon real estate within its boundaries is established in Neb. Rev. Stat. § 77-1901 (Reissue 1986) for *all* taxes due thereon to any governmental subdivision of the state.

No distinction is made between taxes and assessments. The distinction between the meaning of "taxes" and "assessments" is based on the different classes of public burdens. Taxes are imposed for general revenue, assessments for public improvements, mainly locally beneficial.

A determination of the issues in this case requires an indepth review of the Nebraska revenue statutes. The premise that the county treasurer shall commence the sale of lands on which taxes have not been paid is rooted in Neb. Rev. Stat. § 77-1806 (Reissue 1986). As a starting point for analysis, Neb. Rev. Stat. § 77-1858 (Reissue 1986) grants power to county treasurers to collect special assessments of municipalities as follows:

> Wherever power is now given by the revenue laws of this state to the county treasurer of any county in this state to sell real estate, on which the taxes shall not have been paid as provided by law, it shall include the power to sell said real estate for all the taxes and special assessments levied or hereafter levied by any county, municipality, drainage district, or other political subdivision of the state, and *all provisions of said revenue law now in force with reference to the collection of taxes shall apply with equal force to all taxes and special assessments levied by said county, municipality, drainage district, or other political subdivision of the state.*

(Emphasis supplied.)

Once established that the county treasurer may sell real estate, Neb. Rev. Stat. § 77-1809 (Reissue 1986) provides that the county may buy such real estate:

> At all sales provided by law, the county board may purchase for the use and benefit, and in the name of the county, any real estate advertised and offered for sale when the same remains unsold for want of bidders. The county treasurer shall issue certificates of purchase of the real estate so sold in the name of the county. . . .

When construed together, the two statutes clearly give Polk County power to purchase real estate sold for delinquent special assessments.

The county treasurer of Polk County issued certificate of tax sale No. 100 as a record of this purchase. The right to foreclose the lien of taxes where a tax sale certificate has been issued is found in Neb. Rev. Stat. § 77-1902 (Reissue 1986). This section provides:

> Where land has been sold for delinquent taxes and a tax sale certificate . . . has been issued, the holder of such tax sale certificate . . . may . . . proceed in the district court of the county in which the land is situated to foreclose the lien for taxes represented by the tax sale certificate . . . and all subsequent tax liens thereon, in the same manner and with like effect as in the foreclosure of a real estate mortgage . . . .

This statute requires only that one who brings an action to foreclose the lien of taxes be the holder of a tax sale certificate. Polk County was clearly the owner and holder of the tax sale certificate foreclosed in the proceedings where the appellants, Raymond and Viola Wombacher, were defendants. Polk County is the real party in interest in this matter.

Furthermore, Neb. Rev. Stat. § 77-1908 (Reissue 1986) supplies a presumption regarding possession of a tax sale certificate. The tax sale certificate, in and of itself, is "presumptive evidence of all facts necessary to entitle the plaintiff to a decree for the amount appearing to be due thereon . . . ." Construing the several statutes together, it is evident that Polk County, as the buyer of the real estate, is entitled to foreclosure of its lien.

Contrary to the appellants' position that Polk County has no interest in this lawsuit as it is foreclosing special assessments of the village of Shelby is the general principle:

"A county purchasing and foreclosing a tax sale certificate on real estate does so as trustee of an express trust for the use and benefit of the state and all other governmental subdivisions entitled to participate in the distribution of the proceeds. The trust property or trust res under these circumstances is the tax sale certificate with the rights evidenced thereby. . . ."

*County of Lincoln v. Provident Loan & Investment Co.*, 147 Neb. 169, 176, 22 N.W.2d 609, 612 (1946). Certainly Polk County will ultimately reap some benefits derived from the pavement assessments, as the village of Shelby lies within its boundaries.

Appellants insist that the county was required to allege and prove the regularity of all proceedings necessary to the issuance of a valid tax sale certificate in its tax foreclosure action. Appellants rely upon *Pettijohn v. County of Furnas*, 150 Neb. 736, 35 N.W.2d 828 (1949).

Apparently, the error on the tax sale certificate did not come to the attention of the county until after its petition was on file. A correction was attempted by an affidavit of the county treasurer. We hold that the error should be deemed a mere irregularity which in no way affects the validity of the certificate or defeats the lien of the purchaser. See *Sanford v. Moore*, 58 Neb. 654, 79 N.W. 548 (1899). Regarding such irregularities, Neb. Rev. Stat. § 77-1854 (Reissue 1986) provides:

The following defects, omissions and circumstances occurring in the assessment of any property for taxation, or in the levy of taxes, or elsewhere in the course of the proceedings from and including the assessment and to and including the execution and delivery of the deed of the property sold for taxes, shall be taken and deemed to be mere irregularities within the meaning of section 77-1853: . . . (7) any irregularity, informality or omission in any . . . record of any real or personal property assessed for taxation, or upon which any tax is levied, or which may be sold for taxes.

Section 77-1858 makes this provision equally applicable to special assessments of municipalities.

Appellants also assert that the county has proceeded under the incorrect statute. We are directed to examine Neb. Rev. Stat. § 77-1917.01 (Reissue 1986). The statute reads:

All cities, villages . . . in Nebraska shall have a lien upon real estate within their boundaries for all special assessments due thereon to the municipal corporation . . . . When such special assessments have become delinquent, without the real property against which they are assessed being first offered at tax sale by the tax sale certificate method or otherwise, the municipal corporation or district involved may itself as party plaintiff proceed in the district court of the county in which the real estate is situated to foreclose, in its own name, the lien for such delinquent special assessments in the same manner and with like effect as in the foreclosure of a real estate mortgage, except as otherwise specifically provided by sections 77-1903 to 77-1917, which shall govern when applicable. Final confirmation of sale in such foreclosure proceeding and issuance of deed to the plaintiff, or its assignee, cannot be had until two years have expired from the date of the sale held by the sheriff, and, after expiration of such two-year period, personal notice has been served on occupants of the real property. The remedy granted in this section to cities, villages and sanitary and improvement districts for the collection of delinquent special assessments shall be cumulative and in addition to other existing methods.

The express language of the last sentence of the statute grants the remedy to cities, villages, and sanitary and improvement districts. The county not only should not have proceeded under the statute, it could not have done so.

The county's petition and praecipe states that it is the owner and holder of the tax sale certificate under the provisions of § 77-1809. The petition further states that the foreclosure on the certificate is instituted and prosecuted in accordance with the provisions of article 19 of chapter 77 of the Nebraska Revised Statutes.

Section 77-1917.01 is an independent act, affording a remedy which did not previously exist, i.e., a direct foreclosure

proceeding by the levying municipality against the real estate which is subject to the special assessment lien. The statute cured the problem wherein cities, etc., were limited in the means by which they could collect delinquent assessments. Prior to its enactment, they could not themselves bring an action for sale of the property.

The direct method, however, is not the exclusive remedy. The statute merely "affords the subdivisions of government an additional remedy previously not available." *Sanitary & Improvement Dist. # 222 v. Metropolitan Life Ins. Co.*, 201 Neb. 10, 15, 266 N.W.2d 73, 75-76 (1978). By the very words of the statute, this method of remedy is "cumulative and in addition to other existing methods." § 77-1917.01.

The brief of appellants claims that § 77-1858 is not the correct statute under which this action may be brought. They assert that general delinquent taxes are a prerequisite to suit under this section for special assessments.

The county responds that the allegation that no general taxes are due and owing was not raised in the pleadings before the district court and should not be considered on appeal. Actually, the Wombachers' answer denied the allegations in the sixth cause of action and, thus, properly denied that $9,885.20 in delinquent taxes were due.

Albeit true that the procedure followed in this case is not the general procedure, an explanatory note helps to clear up the situation. Polk County filed its petition to foreclose 8 different certificates of tax sale in 10 causes of action. All certificates, except the one in this case, involved delinquent *general* taxes, but the petition particularly mentioned special assessments as well. Certificate of tax sale No. 100 has now had to be singled out and handled specially because the amount due was typed on the incorrect line as a delinquent general tax. The ultimate result was simply a roundabout way of collecting on special assessments.

It is important to observe that before the enactment of § 77-1917.01, we stated that all special assessments are to be enforced and collected in the same manner as general taxes. *Belza v. Village of Emerson*, 159 Neb. 651, 68 N.W.2d 272 (1955). There is no law which would preclude Polk County

from reverting back to this earlier method of collection.

Polk County is entitled to foreclose its tax sale certificate on land encumbered by unpaid delinquent assessments levied thereon for pavement benefits by the village of Shelby. The discrepancy on the tax sale certificate has been designated a mere irregularity by statute. There is no issue of material fact, and the county is entitled to judgment as a matter of law. The judgment of the district court is affirmed.

AFFIRMED.