251 B.R. 82 (2000)
In the Matter of MBA POULTRY, L.L.C., Debtor.
No. BK00-40122.
United States Bankruptcy Court. D. Nebraska.
July 19, 2000.
*83 Emmett D. Childers, Omaha, NE, for the Money Store Commercial Mortgage, Inc.
Kevin C. Siebert, Lincoln, NE, for Bird Watchers, L.L.C.
Richard P. Garden, Jr., Lincoln, NE, for American National Bank.
William L. Biggs, Omaha, NE, for Debtor MBA Poultry, L.L.C.
Steven C. Turner, Omaha, NE, for Dapec, Inc.
Stephen M. Cramer, Omaha, NE, for U.S. Small Business Administration.
David J. Koukol, Omaha, NE, for City of Tecumseh.
Joseph H. Badami, Lincoln, NE, for Johnson County.

MEMORANDUM
JOHN C. MINAHAN, Bankruptcy Judge.
This case is before the Court on the debtor's Emergency Motion to Authorize Disbursement of Proceeds of Real Estate. The specific issue before the Court is the determination of the priority, under Nebraska law, of the lien held by the City of Tecumseh for unpaid water and sewer charges. DAPEC, Inc. objects to the City's claim. Having considered the arguments and the evidence, and having found no statutory authority which otherwise governs the priority of liens for delinquent water and sewer charges, I conclude that under the general statutory scheme of Nebraska, the City's lien is in the nature of a special tax or special assessment and therefore has priority superior to all prior and subsequent liens and encumbrances on the property except for the real estate taxes due to Johnson County.

FACTS
The facts are not disputed:
1. The City of Tecumseh is owed $63,824.63 for sewer and water charges incurred by MBA Poultry, L.L.C., and due at the time the debtor's bankruptcy was filed.
2. The City of Tecumseh is a Class II municipality under the Nebraska statutes, pursuant to NEB. REV. STAT. ANN. § 17-101 et seq. (Michie 1995 and Supp.1999).
3. The unpaid water and sewer charges are a lien upon the debtor's real estate. Under NEB. REV. STAT. ANN. §§ 17-538 and 17-925.01, water rates and sewer charges are liens upon the premises or real estate for which the water and sewer services were used or supplied.
4. The Tecumseh City Code provides that delinquent water charges are liens upon the real estate for which the water was supplied, and may be certified and collected as a special tax. The City Code applies the same penalties and procedures to sewer use fees.
5. The City certified to the Johnson County Clerk on January 19, 2000, that MBA Poultry's delinquent water and sewer bills totaled $53,073.89 at that time.
The City asserts that its statutory lien is superior to all liens held by non-governmental entities, and is lower in priority only to Johnson County's claim for unpaid real estate taxes. Because the City certified the unpaid charges to the County in January 2000, it argues the charges became "special assessments" against the property, in essence a form of tax, and should be accorded priority over all encumbrances and liens, except the first lien of general real estate taxes, pursuant to NEB. REV. STAT. ANN. § 77-209. DAPEC objects to the City's claim and asserts that the City's lien is junior and subordinate to DAPEC's construction lien *84 under NEB. REV. STAT. ANN. §§ 52-125 to -159.

LAW
The statutes applicable to this matter are NEB. REV. STAT. ANN. § 17-538 (Michie 1995), regarding the automatic creation of a real estate lien for "water rates, taxes or rent;" NEB. REV. STAT. ANN. § 17-925.01 (Michie Supp.1999), which creates a similar lien for sewer charges; NEB. REV. STAT. ANN. § 18-503 (Michie 1999), authorizing any municipality to recover delinquent sewer service charges through civil action or certification to the tax assessor for collection in the same manner as other municipal taxes; and NEB. REV. STAT. ANN. § 77-209 (Michie 1995), giving priority to liens on real estate for "special assessments."
Section 17-538 provides:
[Cities and villages of the second class] shall have the right and power to tax, assess, and collect from the inhabitants thereof such tax, rent or rates for the use and benefit of water used or supplied to them by such waterworks, mains, portion or extension of any system of waterworks or water supply as the council or board of trustees shall deem just or expedient; and all such water rates, taxes or rent shall be a lien upon the premises, or real estate, upon or for which the same is used or supplied; and such taxes, rents or rates shall be paid and collected and such lien enforced in such manner as the council or board of trustees shall by ordinance direct and provide.
Section 17-925.01 provides in relevant part:
. . . In lieu of the levy of [a tax for maintaining and repairing water and sewer facilities], the mayor and city council of any [city of the second class] or the board of trustees of any village may establish by ordinance such rates for such sewer service as may be deemed by them to be fair and reasonable, to be collected from either the owner or the person, firm, or corporation requesting the services at such times, either monthly, quarterly, or otherwise, as may be specified in the ordinance. All sewer charges shall be a lien upon the premises or real estate for which the same is used or supplied. Such lien shall be enforced in such manner as the local governing body provides by ordinance.
Section 18-503 is as follows:
The governing body of [any city or village in the state] may make all necessary rules and regulations governing the use, operation, and control [of the municipality's sewage disposal plant or sewerage system]. The governing body may establish just and equitable rates or charges to be paid to it for the use of such disposal plant and sewerage system by each person, firm or corporation whose premises are served thereby. If the service charge so established is not paid when due, such sum may be recovered by the municipality in a civil action, or it may be certified to the tax assessor and assessed against the premises served, and collected or returned in the same manner as other municipal taxes are certified, assessed, collected and returned.
Section 77-209 provides:
All special assessments, regularly assessed and levied as provided by law, shall be a lien on the real estate on which assessed, and shall take priority over all other encumbrances and liens thereon except the first lien of general taxes under section 77-203.
The relevant Tecumseh city ordinances are as follows:
§ 3-121 MUNICIPAL WATER DEPARTMENT; LIEN. In addition to all other remedies, if a customer shall for any reason remain indebted to the Municipality for water service furnished, such amount due, together with any rents and charges in arrears, shall be considered a delinquent water rent *85 which is hereby declared to be a lien upon the real estate for which the same was used. The Municipal Clerk shall notify in writing or cause to be notified in writing, all owners of premises or their agents whenever their tenants or lessees are sixty (60) days or more delinquent in the payment of water rent. It shall be the duty of the Public Works Commissioner on the first (1st) day of June of each year to report to the Governing Body a list of all unpaid accounts due for water together with a description of the premise upon which the same was used. The report shall be examined, and if approved by the Governing Body, shall be certified by the Municipal Clerk to the County Clerk to be collected as a special tax in the manner provided by law.
§ 3-212 MUNICIPAL SEWER DEPARTMENT; COLLECTION OF SEWER USE FEES. Sewer rental bills shall be due and payable at the same time and in the same manner as water bills are due and payable. All penalties and procedures concerning delinquent accounts with the Municipal Water Department shall also be applicable to delinquent accounts with the Municipal Sewer Department.

DISCUSSION
The threshold question to be addressed is whether DAPEC holds a valid construction lien on the real estate. I conclude that it does. A person who furnishes services or materials pursuant to a real estate improvement contract has a construction lien on the real estate to secure the payment of the contract price. NEB. REV. STAT. ANN. § 52-131. A real estate improvement contract is an agreement to perform services or to furnish materials for the purpose of producing a change in the physical condition of land or of a structure, including construction or installation on, above, or below the surface of land, and the preparation of plans or drawings, whether or not used, for any change in the physical condition of the real estate. NEB. REV. STAT. ANN. § 52-130.
This definitional statute is broadly drawn, and its list of covered activities is not all-inclusive. The fact that DAPEC did not supply goods which became fixtures, as determined in my order of July 17, 2000, regarding the so-called superstructure (Fil.# 132), is irrelevant to whether or not the company holds a construction lien. I conclude that DAPEC does hold a construction lien in the real estate and the proceeds thereof. The priority of that construction lien in relation to the priority of the lien held by the City of Tecumseh for water and sewer charges is the issue before the Court.
The issue of the City's lien priority is a question of Nebraska law. I have not found, nor has counsel directed me to, any statutory or decisional law on point. Based on a general reading of Nebraska statutory provisions and decisions regarding liens, I conclude that the Nebraska Supreme Court would hold the City's lien superior in priority to all prior and subsequent liens except those for real estate taxes.
As noted above, § 17-538 of the Nebraska statutes establishes a lien upon real estate for charges for water usage. Section 17-925.01 establishes a similar lien for charges for sewer usage. Section 17-538 also authorizes cities to "tax, assess, and collect" charges for water used.
The Nebraska statutes give the cities and villages of the second class authority to enact ordinances determining how to enforce the liens created when a resident uses the municipality's water and sewer systems. The key to understanding the issue before the Court lies in the recognition that local ordinances, rather than state statutes, govern the enforcement of the liens created under the water and sewer statutes. Neither the state statutes nor the Tecumseh city ordinances contain any provisions dealing with the priority of such *86 a lien, or for recording or giving notice of such a lien.
The City of Tecumseh argues that its certification of the unpaid charges as special assessments gives it superior priority. The Nebraska statutory scheme provides that cities of the second class hold liens for delinquent water and sewer charges, and authorizes such cities to pass ordinances determining how to enforce such liens. In Tecumseh's case, the city ordinances authorize the municipal clerk to certify the delinquent charges as a "special tax" upon the real estate for which it was used. The municipal clerk certifies it to the county clerk, who is authorized to act as tax assessor in some counties. See NEB. REV. STAT. ANN. § 23-3201.
State statutory law gives special assessments priority over all encumbrances and liens except liens for real estate taxes. NEB. REV. STAT. ANN. § 77-209. There is also case law holding that irrigation district levies, in the nature of assessments, have priority over existing contract liens. Flansburg v. Shumway, 117 Neb. 125, 219 N.W. 956 (1928).
Regardless of whether these unpaid charges are characterized as "special assessments" or "special taxes," they are superior in priority under § 77-209 to all other liens on the real estate except the first lien of general real estate taxes under § 77-203. Even if the City's lien arose after other liens attached, all persons are deemed to have notice that water and sewer liens arise pursuant to statute, and thus take subject to those liens.
In summary, I conclude that liens for water and sewer charges arise when the services are provided, and take priority over all prior encumbrances on the real estate except for taxes.
DAPEC takes the position that the City's lien arose only after it took steps to certify and enforce the lien pursuant to City ordinance. The ordinance, however, does not govern the priority issue. The lien is established by statute upon provision of the services. There is no requirement that the lien be recorded or noticed in some fashion to be effective. The legislature delegated enforcement and collection decisions to the cities, but the lien exists whether or not the city takes steps to enforce it. Furthermore, even if the City's lien did not arise until after DAPEC's construction lien arose, and after the City took steps to certify and enforce the lien, it makes no difference because I conclude that the lien for sewer and water services is senior in priority to prior as well as subsequent liens, including DAPEC's lien.
I conclude that the Nebraska Supreme Court would find the City of Tecumseh's lien for water and sewer charges is senior in priority to prior and subsequent liens and encumbrances on the real property, except for the lien for property taxes.
IT IS THEREFORE ORDERED that DAPEC's objection to the claim of the City of Tecumseh is overruled. The City's lien for water and sewer charges is superior to all claims other than the county's claim for real estate taxes.